# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **CITY BANK,** | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | EP-09-CV-96-KC |
| | § | |
| **COMPASS BANK,** | § | |
| | § | |
|   Defendant. | § | |
| | § | |

*- consolidated with -*

| | |
|---|---|
| **COMPASS BANK,** | § |
| | § |
|   Plaintiff, | § |
| | § |
| v. | § |
| | § |
| **ADELINA V. SAMBRANO,** | § |
| individually and as Independent | § |
| Executor of the ESTATE OF | § |
| HUMBERTO F. SAMBRANO, | § |
| Deceased; and CITY BANK, | § |
| | § |
|   Defendants. | § |

## ORDER CONCERNING MOTION TO WITHDRAW

On this day, the Court considered the Motion To Withdraw ("Motion") (Doc. No. 32), filed by Robert A. Skipworth, Attorney of Record for Adelina V. Sambrano, Independently and as Independent Executor of the Estate of Humberto F. Sambrando, Deceased. In the Motion, Mr. Skipworth seeks the Court's permission to withdraw as Ms. Sambrano's Attorney of Record. For the reasons set forth below, the Motion is **HELD IN ABEYANCE**.

Individuals appearing in representative capacities, such as executors of estates, may not

proceed in litigation on a *pro se* basis, especially when the estate or entity being represented has third party beneficiaries or creditors. *See Malone v. Nielson*, 474 F.3d 934 (7th Cir. 2007) ("The claims presently before the court properly belong to Lance's estate. . . . [T]he Malones may not proceed pro se on those claims."); *see also Jones ex rel. Jones v. Corr. Med. Serv. Inc.*, 401 F.3d 950, 951-52 (8th Cir., 2005) ("[A] non-attorney administrator of an estate [is prohibited] from proceeding pro se when there are other beneficiaries or creditors of the estate."); *see also Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) ("[A] representative of an estate may not proceed pro se. . . where the estate has beneficiaries or creditors other than the estate."); *see also Pridgen v. Andresen*, 113 F.3d 391, 392-93 (2d Cir. 1997) (same); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citing the "general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representational capacity").

In the instant case, Adelina V. Sambrano is named as a party both in her individual capacity and in her representative capacity as executor of the estate of her late husband, and attorney Robert A. Skipworth has been representing her here in both these capacities. *See* Motion 1. The Court further observes that the essential dispute in this case is actually between two banks, regarding which one has priority over certain parcels of loan collateral. *See* Mot. to Consol. and Sever (Doc. No. 10) ¶ 23. Nevertheless, all parties requested and consented to the inclusion of Ms. Sambrano, in both her individual and representative capacities, in this severed and consolidated action. *See* Joint Mot. for Clarification Order (Doc. No. 16) ¶ 6.

Because Ms. Sambrano has been joined in this case as a party in both her individual and representative capacities, and because non-lawyers are generally not permitted to appear *pro se* in lawsuits in a representative capacity, the Court finds that it cannot grant Mr. Skipworth's motion to withdraw as counsel, at least until alternative counsel is designated or these issues are

otherwise adequately addressed. Accordingly, the Motion is hereby **HELD IN ABEYANCE**.

    **SO ORDERED.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**